IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHIEF MICHAEL S. OWL FEATHER-GORBEY,** | : CIVIL ACTION NO. 1:20-CV-1850 |
| | : |
| | : **(Judge Conner)** |
| **Plaintiff** | : |
| | : |
| v. | : |
| | : |
| **B. CARNEY,** *et al.*, | : |
| | : |
| **Defendants** | : |

# MEMORANDUM

Plaintiff Chief Michael S. Owl Feather-Gorbey ("Gorbey"), a federal inmate confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated this action pursuant to Bivens[1], 28 U.S.C. § 1331, and the Federal Tort Claims Act ("FTCA")[2]. (Doc. 1). Named as defendants are several USP-Lewisburg supervisory, correctional, and religious staff members, and the United States of America. (See Doc. 6). When he filed the complaint, Gorbey also

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

filed a motion to proceed *in forma pauperis*. (Doc. 2). The complaint is presently before the court for screening.

Gorbey is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-13 (3d Cir. 2001) (en banc). In support of his allegations of imminent danger, Gorbey filed a motion (Doc. 7) to present new facts, along with a supporting brief (Doc. 8), and an amended complaint (Doc. 6). The court will grant Gorbey's motion (Doc. 7) to present new facts and to consider the newly asserted claims of imminent danger (Doc. 6). However, for the reasons set forth below, the court will deny the application to proceed *in forma pauperis*, and this action will be stayed pending receipt of the full filing fee.

## I.  Allegations of the Amended Complaint

Gorbey alleges that he was denied regular and religious meals at USP-Lewisburg which "trigger[ed] his serious medical conditions" and he was subsequently denied treatment. (Doc. 6 at 9-12, 18). Specifically, Gorbey claims that missing a meal causes elevated blood pressure and hypoglycemic episodes, which could cause him to faint and fall on the concrete floor or "suffer[] a (threat of) stroke or heart attack." (Id. at 11). He asserts that there are no duress buttons in inmate cells to notify prison staff of such emergencies. (Id. at 11).

Gorbey alleges that correctional officers deliberately reassigned him from a bottom bunk to a top bunk, despite knowing that he suffers from chronic injuries

that may cause him to fall when accessing the top bunk. (Id. at 12-13). On another occasion, Gorbey alleges that staff members assigned him to a cell with an occupied lower bunk, forcing him to utilize the top bunk. (Id. at 17). He further alleges that staff intentionally assigned him to an occupied bed to encourage inmate fights. (Id. at 13-14, 17). In one instance, Gorbey claims that he injured his ankle and knee when climbing to his top bunk. (Id. at 16-17). He alleges that he did not receive immediate medical treatment for these injuries but was later advised to do knee strengthening exercises. (Id.)

Gorbey claims that his hands have been cuffed behind his back despite having medical clearance for front-cuffing, thereby increasing his risk of serious medical injury when traversing concrete stairs. (Id. at 15-17).

Gorbey also alleges that certain United States District Court judges have conspired against him and improperly dismissed previous lawsuits pursuant to the three strikes provision, 28 U.S.C. § 1915(g). (Id. at 4).

## II.    Discussion

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted the "three strikes" provision. Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless the prisoner was in imminent danger of serious physical injury at the time that the complaint was filed. See Abdul-Akbar, 239 F.3d at 310-11.

3

There is no question that Gorbey has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. See Feather-Gorbey v. Dunbar, 787 F. App'x 824, 825 (4th Cir. 2019) ("It is undisputed that Gorbey has had, on at least three occasions, an action or appeal dismissed on the grounds that it was frivolous, malicious, or failed to state a claim."); Gorbey v. The Federal Bureau of Alcohol, *et al.*, Civil Action No. 5:11-cv-126 (N.D. W. Va. March 14, 2012) at (Doc. 26) (noting that Gorbey has filed eleven cases that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted); Gorbey v. District of Columbia, *et al.*, Civil Action No. 2:09-cv-151 (S.D. Ind. 2009) at (Doc. 2) (noting that Gorbey is barred from proceeding *in forma pauperis* due to his three strike status under 28 U.S.C. § 1915(g)). Because Gorbey is subject to the three strikes provision in 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed this action.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." Gibbs v. Cross, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. Id. at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." Id.; see also Abdul-Akbar, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has

passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" Abdul-Akbar, 239 F.3d at 313. When evaluating an allegation of imminent danger of serious physical injury, the court must determine whether the inmate has drawn "an adequate nexus between the claims [s]he seeks to pursue and the 'imminent danger' [s]he alleges." Ball v. Hummel, 577 F. App'x 96, at n.1 (3d Cir. 2014) (nonprecedential) (citing Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009)).

In the present matter, Gorbey's claims of imminent danger fail to meet that standard. In conclusory fashion, Gorbey claims that he is under imminent danger of serious physical injury because: (1) staff has been "emboldened" by court rulings adverse to him; (2) staff has been cuffing him behind his back which "could render" his right arm useless and aggravate existing injuries; (3) staff has occasionally denied him meals; (4) staff assigned him to an occupied bed in order to provoke an inmate altercation; (5) his assignment to a cell with an occupied bottom bunk has forced him to regularly climb to a top bunk, thereby aggravating existing orthopedic injuries; (6) staff place him in a cell without a duress button; and (7) denying him adequate medical care despite repeated requests for treatment of injuries. (Doc. 6 at 18-19). None of these claims suffice to meet the imminent danger of serious physical injury standard. See Abdul-Akbar, 239 F.3d at 315 ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending."). Gorbey's vague allegations that staff has been "emboldened" does not suggest imminent harm. Similarly, stating that the manner in which he is cuffed "could" damage his right arm is purely speculative. His third claim—occasional denial of

meals—does not constitute any sort of threat of immediate harm.  The fourth claim of purposefully assigning him to a cell with an occupied bed to encourage inmate altercations is frivolous and fails to provide any suggestion of immediate harm or danger, particularly when Gorbey has attempted to join his cellmate in the present action as a party plaintiff, see Docs. 12-13, and there is no allegation that any such altercation has been threatened or has occurred.  His fifth claim of injuries resulting from the top bunk assignment is not the type of imminent danger that is contemplated by the exception Gorbey seeks to invoke.  Lack of a duress button hardly constitutes the presence of an imminent danger; institutional security issues and the obvious potential for abuse of duress signals preclude any such devices in individual cells.  With respect to his seventh claim, Gorbey's contradictory allegations of denial of medical care and medical negligence evidence that he has received medical attention—just not the level of attention that he claims to be warranted by the nature of his injuries.

Lastly, the court observes that Gorbey has previously raised the identical imminent danger claims, and that he has been repeatedly rebuffed by the courts, which have found that these allegations do not show imminent danger of serious injury.  See, e.g., Gorbey v. Spaulding, *et al.*, Civil Action No. 3:20-cv-1457, 2020 WL 6787493, at *2 (M.D. Pa. Nov. 17, 2020) (finding that Gorbey failed to sufficiently show an imminent threat for purposes of the PLRA strike provision with respect to claims that he was entitled to a lower bunk assignment, failed to receive proper medical treatment, and was not provided adequate accommodations to practice his religion); Gorbey v. Gass, *et al.*, Civil Action No. 3:20-cv-1050, 2020 WL 6107049, at

*2-3 (M.D. Pa. Oct. 15, 2020) (holding, *inter alia*, that Gorbey failed to meet the imminent danger exception to § 1915(g)'s three strike rule based on claims that he was assigned to a top bunk, received inadequate medical care, and lack of duress buttons in inmate cells); <u>Owl Feather-Gorbey v. United States, *et al.*</u>, Civil Action No. 1:20-cv-2401, 2020 WL 6144568, at *1 (D.D.C. Sept. 29, 2020) (holding that Gorbey's allegations of judicial bias did not qualify as imminent danger of serious physical harm); <u>Gorbey v. Mubarek, *et al.*</u>, Civil Action No. 1:19-cv-220, 2019 WL 5593284, at *3-6 (D. Md. Oct. 30, 2019) (finding, *inter alia*, that Gorbey's allegations related to his arm injury, front-cuffing, medical treatment, and staff-encouraged violence did not create an imminent danger to his safety); <u>Gorbey v. Dunbar, *et al.*</u>, Civil Action No. 1:18-cv-2754, 2019 WL 5339607, at *7 (D. Md. April 24, 2019) (holding, *inter alia*, that Gorbey failed to establish that he was in imminent danger of harm based on claims that he was entitled to a lower bunk and failed to receive adequate medical treatment for past injuries), <u>aff'd</u>, 787 F. App'x 824 (4th Cir. 2019).

Upon thorough review of the filings in this action, the court concludes that Gorbey has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three strikes rule, and thus failed to make the requisite showing to allow him to proceed *in forma pauperis*. If Gorbey wishes to pursue the claims in this action, he must pay the filing fee in full. Failure to pay the filing fee will result in dismissal of the complaint without prejudice. See <u>Brown v. City of Philadelphia</u>, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to § 1915(g)).

**III.     Conclusion**

The court will deny Gorbey's application to proceed *in forma pauperis* and direct him to submit the requisite filing fee.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     January 6, 2021